JOSEPH C. G. KENNEDY *vs.* ERASTUS M. CHAPIN
and ROBERT S. WERDEN, Trustees.

### *Promissory note—Payment and not Purchase.*

The payee of a note secured by a deed of trust, having died before its maturity, his executor placed it in Bank for collection. More than four months after its maturity, K. sent to the Bank his check, payable to the order of the Bank, for the amount of the principal and interest due, and in exchange therefor obtained the note. The Bank was not authorized by the executor to sell the note. K. who subsequently became the purchaser of the trust estate contended that he was entitled to be allowed the amount of the note, which he claimed to have purchased, out of the proceeds of sale. The trustees, on the other hand, contended that the note was extinguished, and was not payable out of the proceeds of sale. HELD:

That the transaction constituted a payment of the note, and not a purchase.

APPEAL from the Circuit Court for Prince George's County, in Equity.

Anna L. Shaw and Granville C. Shaw, her husband, executed a deed of trust to Erastus M. Chapin and Robert S. Werden to secure the sum of $5000, due by Mrs. Shaw to Thomas Weaver. The debt was represented by ten promissory notes of $500 each of even date with the deed of trust, and falling due at one, two, three, four, five, six, seven, eight, nine and ten years respectively from date, each of the notes bearing interest at six per cent. until paid, interest to commence at the expiration of one year from the date of their execution. The land conveyed by the deed of trust was situated in Prince George's County; but the grantors and the trustees lived in the District of Columbia. The trustees were authorized to sell the property by public auction, in case of default in the payment of the notes, or any of them. A sale having

taken place, a controversy arose in respect to the second note which fell due. Kennedy having obtained the note under the circumstances stated in the opinion of the Court, contended that he was entitled to be paid the amount of it out of the proceeds of sale. The trustees contended that the note was extinguished and was not payable out of the proceeds of sale. The Circuit Court decided in favor of the trustees and Kennedy appealed.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, and BRYAN, J.

*Phil. H. Tuck,* and *Richard B. B. Chew,* for the appellant.

*C. C. Magruder,* for the appellees.

BRYAN, J., after stating the case, delivered the opinion of the Court.

The controversy in this case lies within a very narrow compass. The question simply is whether certain transactions in regard to a promissory note amounted to a payment, or an assignment of it. The note was for five hundred dollars, dated September 5th, 1882, and payable two years after date with interest after the expiration of one year. It was made by Anna L. Shaw payable to the order of Thomas Weaver, and was one of a number secured by a deed of trust to Chapin and Werden of even date, executed by Mrs. Shaw and her husband. The payee of the note died before it became due. After his death Robert D. Weaver, his executor, placed the note in the Central National Bank of Washington, D. C., for collection. On the nineteenth day of January, 1885, more than four months after maturity, Kennedy sent to the Bank his check and received from it this note. The check was in these terms: "Riggs & Co., pay to order Central N.

Bank (for note A. L. Shaw) five hundred forty-one dollars and sixteen cents." The sum mentioned in the check was the amount of principal and interest due. The delivery of the check must be considered as a payment of the note, unless the Bank intended to sell it, and had power to do so. The executor, and the assistant cashier of the Bank both testify that the note was placed in the Bank for collection and not for sale. Kennedy believed that he was purchasing the note, and not paying it. But no valid purchase can be made without the consent of the owner, or his duly authorized agent. And here there was no consent by either of them. We agree with the Circuit Court.

*Order affirmed, and
cause remanded.*

(Decided 22nd June, 1887.)